a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LERAY EUGENE RICHARDS, Petitioner | CIVIL DOCKET NO. 1:20-CV-623-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Leray Eugene Richards ("Richards") (#32202-064). Richards is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Richards challenges the calculation of his criminal history score and his resulting custody classification by the BOP.

Because Richards is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration, and he cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

## I. Background

Richards pleaded guilty to three counts of being a felon in possession of a firearm and/or ammunition in violation of 18 U.S.C. § 922(g)(1). *United States v. Richards*, 792 F. App'x 649 (10th Cir. 2019). According to the United States Tenth Circuit Court of Appeals, Richards's Presentence Investigation Report ("PSR")

computed an advisory sentencing range of 77–96 months based on a total offense level of 21, inclusive of a four-level enhancement for Richards's use or possession of a firearm in connection with another felony offense. *Id.* at 650. The district court held a sentencing hearing, at which the government presented evidence on the factual basis for the four-level increase. Following testimony and the presentation of evidence, the district court found by a preponderance of the evidence that Richards used or possessed a firearm in connection with an assault or domestic violence felony offense. *Id.* The district court adopted the PSR and issued a guidelines-range sentence of 94 months of imprisonment. *Id.*

On appeal, Richards argued that the district court's factual findings supporting the four-level enhancement were clearly erroneous. *Id.* at 651. He also claimed that the 94-month guidelines sentence was substantively unreasonable. *Id.* The Tenth Circuit affirmed the conviction and sentence with the enhancement. *Id.* Richards did not seek further review.

Richards filed a Motion to Vacate under 28 U.S.C. § 2255, which is pending in the United States District Court for the Western District of Oklahoma. *United States v. Richards*, 5:19-CR-00098, ECF No. 64.

In his § 2241 Petition, Richards alleges that the PSR is inaccurate and his custody classification based on that PRS should be revised.

II. **Law and Analysis**

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. *Id.* A petition filed under § 2241 that attacks errors that occurred at trial or sentencing should be dismissed or construed as a § 2255 motion. *See id.* at 877–78.

Richards challenges his custody classification by the BOP based on an allegedly inaccurate PSR. However, a challenge to custodial classification is not a challenge to the BOP's execution or calculation of his federal sentence as it does not have any impact on the fact or duration of the petitioner's confinement. *See Giwa v. Warden*, 14-CV-2827, 2015 WL 110615, at *3 (W.D. La. Jan. 7, 2015) (citing *Henrickson v. Guzik*, 249 F.3d 395, 397 n. 4 (5th Cir. 2001) (subject matter jurisdiction not present under 28 U.S.C. § 2241 when a petitioner is not challenging the fact or duration of confinement), *aff'd sub nom. Giwa v. Werlich*, 658 F. App'x 193 (5th Cir. 2016).

Moreover, prisoners have neither a protectable property nor liberty interest in their custodial classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). In fact, a prisoner has no inherent constitutional right to any particular classification or custody level. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

The classification of prisoners is a matter left within the discretion of prison officials. *See Cruz v. U.S. Bureau of Prisons*, 61 F. App'x 121 (5th Cir. 2003) (citing *Whitley v. Hunt*, 158 F.3d 882, 889-90 (5th Cir. 1998), *abrogated on other grounds by, Booth v. Churner*, 532 U.S. 731, 735 (2001); *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citing Program Statement 5100.08, providing that BOP staff should apply "professional judgment" in making custody classification decisions). "'Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'" *Wilkerson v. Maggio*, 703 F.2d 909, 911 (5th Cir. 1983) (citation omitted). Federal courts will not interfere with classification decisions except in extreme circumstances. *See Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1998). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. *See McCord*, 910 F.2d at 1250.

Richards fails to demonstrate either a protected liberty interest or an abuse of discretion with regard to his classification. To the extent Richards is actually challenging the PSR or court's calculations, he raises an error that occurred at or before sentencing, as opposed to challenging the manner in which is sentence is being executed. Thus, his claim must be raised in a § 2255 motion, which provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)).

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence only if the prisoner can satisfy the mandates of the

"savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255(e) applies. To qualify for the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904.

Richards cannot show that § 2255 is inadequate to challenge his sentence, as his § 2255 motion remains pending in the court of conviction. Moreover, Richards does not allege or demonstrate that he meets the requirements of the savings clause. *See* 28 U.S.C. § 2255(e).

### III. Conclusion

Because Richards is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration, and he cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention,

IT IS RECOMMENDED that Richard's § 2241 petition be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Richards's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE